# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                       )
BARBARA FOX, *et al.*,                 )
                                       )
                    Plaintiffs,        )
                                       )
        v.                             )        Civil Action No. 10-2118 (ABJ)
                                       )
DISTRICT OF COLUMBIA, *et al.*,        )
                                       )
                    Defendants.        )
_____)

## MEMORANDUM OPINION

In this case, plaintiff Hamilton P. Fox, III challenges the District of Columbia's post and forfeit procedure through which he obtained his release from jail after a disorderly conduct arrest.[1] Sec. Am. Compl. [Dkt. # 39] ¶ 6. On March 30, 2012, the Court granted the District of Columbia's motion to dismiss the counts against it related to that procedure: counts four through eight of the first amended complaint. Order [Dkt. # 36]; *see also* Memorandum Opinion [Dkt. # 37] ("Mem. Op."). In that same order, the Court also granted Fox's motion for leave to file a second amended complaint. That pleading added two new counts against the District, *see* Sec. Am. Compl., and the District has moved to dismiss those counts as well. Def.'s Mot. to Dismiss Sec. Am. Compl. [Dkt. # 42] ("Def.'s Mot."). In the meantime, Fox has moved for reconsideration of the Court's original ruling under Fed. R. Civ. P. 54(b). Pl.'s Mot. for Reconsideration [Dkt. # 60] ("Pl.'s Mot."). Since Fox has seen fit to utilize both of these briefing opportunities to reargue issues that the Court has already decided, the Court will address both motions in a single opinion.

---

1 Defendants' motions for judgment on the pleadings with respect to the claims brought against the officers who effected that arrest will be addressed in a separate opinion.

Specifically, Fox asks the Court to revisit the following issues:

- Exhaustion of state-law remedies, *see* Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss Sec. Am. Compl. [Dkt. # 46] ("Pl.'s Opp.") at 20–26; Pl.'s Mot. at 5–6;

- Voluntariness of the post-and-forfeit procedure, *see* Pl.'s Opp. at 30–33, 37–41; Pl.'s Mot. at 6–10;

- Standing, *see* Pl.'s Opp. at 32–36; Pl.'s Mot. at 10–12;

- Substantive due process claims, *see* Pl.'s Mot. at 13–17; and

- Procedural due process claim, *see* Pl.'s Mot. at 17–18.

Each of these issues was presented to the Court before, considered, and rejected:

- Exhaustion of state-law remedies, *see* Pl.'s Opp. to Def.'s Mot. to Dismiss First Am. Compl. [Dkt. # 24] ("Pl.'s Opp. to First. Mot. to Dismiss") at 36–37; *see also* Mem. Op. at 11–14;

- Voluntariness of the post-and-forfeit procedure, *see* Pl.'s Opp. to First. Mot. to Dismiss at 28, 34–35, *see also* Mem. Op. at 2–3, 18;

- Standing, *see* Pl.'s Opp. to Def.'s Mot. to Dismiss First Am. Compl. at 2–3; *see also* Mem. Op. at 10–14;

- Substantive due process claims, *see* Pl.'s Opp. to First. Mot. to Dismiss at 11–37; *see also* Mem. Op. at 15–20, 23–25; and

- Procedural due process claim, *see* Pl.'s Opp. to First. Mot. to Dismiss at 3–10, 37–44; *see also* Mem. Op. at 20–25.

Since Fox has offered no new law or facts that would warrant reconsideration of the rulings on these issues, the Court's previous determinations will stand for the reasons set forth in the March 2012 Memorandum Opinion. *See Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (holding that district courts act within the scope of their discretion in denying a Rule 54(b) motion to reconsider where the motion raises "no arguments for reconsideration the court had not already rejected on the merits"); *Estate ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (internal quotation marks and citations omitted) ("In this Circuit, it is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories

upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.").

In support of his motion for reconsideration, Fox also advances two new arguments that he could have included in his prior pleadings, but did not.  He contends that:

- The post-and-forfeit procedure is void for vagueness, *see* Pl.'s Surreply to Def.'s Reply [Dkt. # 53] ("Pl.'s Surreply") at 3, 7; *see also* Pl.'s Mot. at 18–20; and

- The procedure "is *ultra vires* to the extent it conflicts with D.C. Code 23-110," Pl.'s Mot. at 14.

But prior to the submission of the instant motion, Fox had three opportunities to assert these claims:  his original complaint, the first amended complaint, and the second amended complaint. He failed to include a count based on these grounds in any of those complaints, and he did not raise these arguments in response to the motion to dismiss the first amended complaint, which addressed the legality of the very same statute.  A motion for reconsideration "is not a vehicle for bringing before the Court theories or arguments that were not earlier advanced."  *Graves v. U.S.*, 967 F. Supp. 572, 573 (D.D.C. 1997).  Nor is it an appropriate place to make a new claim that is not in the complaint or to make a motion to amend the complaint.  So these theories do not supply grounds to reconsider the Court's March 2012 order either, and the motion for reconsideration will be denied.

What are left to address, then, are the two newest counts against the District:  that the post-and-forfeit policy, on its face, constitutes an unreasonable seizure in violation of the Fourth Amendment (Count 4A), and that it constitutes common law conversion because the District "takes money" from arrestees (Count 9).  Sec. Am. Compl. ¶¶ 243–52.  The District has moved to dismiss these counts on the grounds that they fail to state a claim under Fed. R. Civ. P. 12(b)(6).  Def.'s Mem. in Supp. of Mot. to Dismiss [Dkt. # 42] ("Def.'s Mem.") at 4; *see also* Def.'s Reply in Supp. of Mot. to Dismiss [Dkt. # 49] ("Def.'s Reply") at 4.  Fox opposes the

District's motion.  Pl.'s Opp. at 1; *see also* Pl.'s Surreply at 1.  Since Counts 4A and 9 fail to state a claim under Fed. R. Civ. P. 12(b)(6), the Court will grant the District's motion to dismiss.

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*:  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 556 U.S. at 678.  And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally in plaintiff's favor, and the Court should grant plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept

plaintiff's legal conclusions. *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

## ANALYSIS[2]

### A.  Count 4A: Fourth Amendment Facial Challenge

Count 4A of Fox's second amended complaint alleges that the post-and-forfeit procedure violates the Fourth Amendment on its face:  "The policy of charging arrestees money under the 'post and forfeit' procedure constitutes an unreasonable seizure under the Fourth Amendment and so D.C. Code § 5-335.01 is unconstitutional."  Sec. Am. Compl. ¶ 246.   The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. Amend. IV.   To establish an unlawful seizure under the Fourth Amendment, Fox must demonstrate that payment of collateral under the District's post-and-forfeit procedure (1) constitutes a seizure, and (2) that the seizure is unreasonable.  *Soldal v. Cook County, Ill.*, 506 U.S. 56, 61–71 (1992).  Fox has failed to meet both requirements.

A payment under the post-and-forfeit procedure does not constitute a seizure nor is it unreasonable.  "A 'seizure' of property . . . occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'"  *Id.* at 61, quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).  Further, a "seizure" is not unreasonable if it occurs with the non-coercive, voluntary consent of the owner.  *See Schneckloth v. Bustamonte*, 412 U.S. 218,

---

2      The relevant facts of this case are detailed in the Court's March 2012 Memorandum Opinion.

233 (1973) ("[I]f under all the circumstances it has appeared that the consent was not given voluntarily – that it was coerced by threats or force, or granted only in submission to a claim of lawful authority – then we have found the consent invalid and the search unreasonable.").  Here, the Court has already determined that the post-and-forfeit payment is voluntary:

> The fundamental flaw at the heart of plaintiff's case is that while his papers are generously seasoned with strong language connoting wrongdoing – "force," "coerce," "exact," "deprive," and "take," and the allegations all turn upon the city's alleged policy of "making" arrestees pay money, there simply was no coercion, taking, or deprivation inherent in the voluntary exchange that was offered and accepted in this case.

Mem. Op. at 2–3.  The Court added that "the payment was a bargained for exchange whereby both parties obtain a benefit:  the arrestee gains both his release and complete finality."  Mem. Op. at 18.  Moreover, the reasonableness of the procedure is bolstered by the fact that the statute also provides the arrestee with ninety days to reconsider the decision to pay the collateral and ask for his money back.  *See* D.C. Code § 5-335.01(d)(6).  So the District does not meaningfully or unreasonably interfere with arrestees' possessory interests in property when it accepts their voluntarily tendered collateral.

Fox's Fourth Amendment facial challenge is further undermined by the Court's prior determination that "the city has asserted legitimate interests" in the post-and-forfeit procedure, Mem. Op. at 18.  *Illinois v. McArthur*, 531 U.S. 326, 330 (2001) ("When faced with special law enforcement needs, diminished expectations of privacy, minimal intrusions, or the like, the Court has found that certain general, or individual, circumstances may render a warrantless search or seizure reasonable.").  Thus, the Court agrees with the District's assertion that the city's legitimate interests coupled with the voluntariness of the payment demonstrate that the post-and-forfeit procedure is not an unreasonable seizure in violation of the Fourth Amendment.  *See* Def.'s Mem. at 7.

6

None of the arguments that Fox makes in his pleadings alters the Court's analysis of whether the post-and-forfeit procedure violates the Fourth Amendment.   In his opposition memorandum, Fox argues that "the essence" of his post-and-forfeit claim is that (1) "he paid the 'post and forfeit' fee as a result of an unfair, invalid and non-judicial process of obtaining the collateral," (2) "the payment was not voluntary," and (3) "it was an illegal burden on his Fourth Amendment right to release."[3]   Pl.'s Opp. at 2.   Fox's reliance on *Sullivan v. Murphy*, 478 F.2d 938, 975 (D.C. Cir. 1973) to support these assertions is misplaced.

*Sullivan* involved a class action on behalf of individuals who had been arrested and charged with disorderly conduct and other similar offenses in connection with the mass anti-war demonstrations in the District around May Day 1971.   478 F.2d at 942.   The arrests at issue in *Sullivan* were not made pursuant to the "ordinary procedures, which are calculated to guard against an arrest without probable cause, even in the case of a massive civil disturbance."   *Id*. at 967.   Rather, at the time of the arrests, the police had suspended the requirement that "the arresting officer [ ] establish probable cause for detention by preparing a simplified field arrest form and photograph."   *Id*. at 959.   Based on the police's failure to abide by their ordinary procedures, the *Sullivan* plaintiffs argued that they were "arrested and prosecuted without probable cause in violation of the Fourth Amendment; [and] that forfeitures of collateral were obtained [from them] . . . contrary to the Fifth Amendment."   *Id*. at 943, n.4.   Among other remedies, the plaintiffs sought the return of their forfeited collateral.   *Id*. at 943.

In reaching its decision, the court emphasized that

---

3      As the Court has stated, Fox has not presented any new facts or law to support his motion for reconsideration.  Therefore, the Court will not address Fox's arguments regarding whether the post-and-forfeit procedure was voluntary, whether the procedure burdened his right to be released from the station without paying the collateral, or any other issues that it has already ruled on.

> What [was] challenged [in *Sullivan* was] the action of the police – the combination of arrest, detention, requirement of bond as a condition of release. . . . Plaintiffs' case [was not] a disguised attack on the general procedure of having appropriate police officers designated as deputy clerks of Superior Court to accept stationhouse collateral – a salutary procedure that gives an option for earlier release than is provided by even reasonably prompt arraignment before a judicial officer.

*Id.* at 975.  Based on this statement of the case, the court held that arrests that were made during that period without a contemporaneous photograph and field arrest form executed by the arresting officer were "presumptively invalid" but the District could rebut that presumption by demonstrating that the particular arrest was based upon probable cause.  *Id*. at 967.  If the District failed to rebut the presumption of invalidity, the plaintiffs would be entitled to relief under the Fourth and Fifth Amendments including a refund of the forfeited collateral.  *Id.* at 975.

Fox asserts that "the fact pattern [in this case] is the same [as *Sullivan*]:  large, discrete groups of individuals were arrested and charged with disorderly conduct in the absence of probable cause or actual wrongdoing.  In both situations, 'the arrests were the product of a common course of conduct by the police.'"  Pl.'s Opp. at 27–28, quoting *Sullivan*, 478 F.2d at 967.  But Fox was not part of a large group of individuals arrested *en masse* in a period of days.  And the major flaw with Fox's argument is that Count 4A – which is the count we are supposed to be talking about at this point – does not seek to impose municipal liability as the *Sullivan*

plaintiffs did based on the conduct of the police or the validity of the underlying arrest.[4]  Rather,

it is a facial challenge to the post-and-forfeit procedure under the Fourth Amendment.[5]

Indeed, in the March 20, 2012 motions hearing, the Court specifically asked Fox's

attorney whether Count 4A was meant to assert a 42 U.S.C. § 1983 municipal liability claim.  Tr.

of Mot. Hr'g at 51 ("Tr.").  The Court explained that to state such a claim, Fox would "have to

allege a violation of [the] constitution, and then . . . [allege that this violation] was pursuant to

some sort of custom or practice or policy."  *Id.*  In response, Fox's attorney stated that "[t]he

Fourth Amendment claim is that pursuant to this statute, the post and forfeit procedure statute,

when the [D]istrict arrests people for collateral offenses, they take money from them . . . and

---

[4]     As the Court noted the last time this case was before it, "[p]laintiff makes extensive references to evidence adduced in another case which might be marshaled in support of allegations that the District remains deliberately indifferent to a pattern of disorderly conduct arrests made without probable cause, but there is no count in either the first or the second amended complaint that actually seeks to impose municipal liability for that sort of unconstitutional deprivation of liberty."  Mem. Op. at 3 (although the Court was referring to Fox's reliance on *Huthnance v. District of Columbia*, 793 F. Supp. 2d 183 (D.D.C. 2011), these statements apply equally to his reliance on *Sullivan*).

[5]     Fox also relies on *Huthnance v. District of Columbia*, 793 F. Supp. 2d 183, 198 (D.D.C. 2011) to support his allegation that the post-and-forfeit procedure violates the Fourth Amendment.  Pl.'s Opp. at 28.  But the Court has already determined that *Huthnance* does not apply to this case:  "Some individuals may claim that the District should be liable for unconstitutional arrests caused by its alleged indifference to an alleged ongoing practice of arresting people on charges of disorderly conduct without probable cause, just as Ms. Huthnance did.  *See Huthnance v. District of Columbia*, 793 F. Supp. 2d 183 (D.D.C. 2011).  But that is not this case."  Mem. Op. at 25.

that's illegal seizure." *Id.* at 52.[6]  Since, Count 4A is an attack on the facial validity of the post-and-forfeit procedure under the Fourth Amendment, whether the arrests were supported by probable cause is not relevant to the Court's analysis.  To succeed on this facial challenge, Fox must demonstrate that there would be no instance under which the challenged policy would be lawful and constitutional.  *See Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (stating that in a facial challenge, the plaintiff must demonstrate that there would be no instance under which the challenged policy would be lawful and constitutional).

Since Fox has not demonstrated that the District meaningfully and unreasonably interferes with an arrestee's possessory interests when it accepts "a small sum of money from an arrestee who, given the choice to pay or go forward with his case, decides to pay," Mem. Op. at 20, the Court finds that the post-and-forfeit policy does not on its face violate the Fourth Amendment rights of Fox and his proposed class.  As the circuit court stated in *Sullivan*, the post-and-forfeit procedure is "a salutary procedure that gives an option for earlier release than is provided by even reasonably prompt arraignment before a judicial officer."  478 F.2d at 975.

### B.  Count 9: Conversion Claim

Count 9 of the second amended complaint also fails to state a claim.  In the District of Columbia, conversion "has generally been defined as any unlawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights

---

6       In his opposition memorandum, Fox asserts that his Fourth Amendment claim is based on Section 1983 and that he has pled facts to support a municipal liability claim under Section 1983, which applies to the District under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Pl.'s Opp. at 15, 41–42, n.17, citing Sec. Am. Compl. ¶ 67 (alleging that the District, through its police, has a "long history of making arrests for disorderly conduct that are not supported by probable cause"), ¶¶ 164–67 (alleging that the District knew about and acquiesced to these practices).  Although the second amended complaint includes some language that may support a *Monell* claim, it includes no count that seeks to impose municipal liability based on Section 1983.

thereto." *Chase Manhattan Bank v. Burden*, 489 A.2d 494, 495 (D.C. 1985) (internal quotation marks and citations omitted).   Count 9 asserts that "[t]he District is liable in conversion for taking money from arrestees pursuant to the 'post and forfeit' procedure.   The District through its [sic] agents, participated in (1) an unlawful exercise, (2) of ownership, dominion, or control, (3) over the personal property of Mr. Fox and the putative class members, (4) in denial or repudiation of their [sic] person's rights thereto."   Sec. Am. Compl. ¶¶ 249–50.   This "formulaic recitation of the elements of [the] cause of action," is insufficient to state a claim for conversion. *See Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.

In his opposition to the motion to dismiss, Fox dedicates barely two pages to his conversion claim.   He fails to directly address the District's legal arguments, and he does not point to any factual allegations in the second amended complaint that would establish the elements of conversion.   Instead, he repeats, word for word, the arguments he made on behalf of his Fourth Amendment "seizure" claim.   Pl.'s Opp. at 45.   So it appears that even in Fox's view, the Court's rulings on voluntariness would dispose of this claim, and it finds here as well that Fox's arguments are unpersuasive, and the cases he cites are inapposite.   *See supra* at 6–10. Since Count 9 is based on the theory that the post-and-forfeit procedure itself constitutes an unlawful deprivation of property – and it does not raise a challenge to the action of the police or the circumstances of Fox's arrest – the Court's analysis of Court 4A applies equally to this count. Therefore, the Court will dismiss Count 9 because Fox has failed to plead sufficient facts to state a conversion claim.

## CONCLUSION

Accordingly, the Court will deny Fox's motion for reconsideration because it reasserts arguments the Court has previously considered and rejected, or raises new arguments that should have been, but were not, raised in his prior pleadings.  The Court will also grant the District's motion to dismiss under Fed. R. Civ. P. 12(b)(6) because Fox has failed to state a claim in Counts 4A and 9 of the second amended complaint.  Separate orders will issue.


AMY BERMAN JACKSON
United States District Judge

DATE:  February 15, 2013