UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
BARBARA FOX, *et al.*,                   )
                                        )
                 Plaintiffs,            )
                                        )
         v.                             )      Civil Action No. 10-2118 (ABJ)
                                        )
DISTRICT OF COLUMBIA, *et al.*,          )
                                        )
                 Defendants.            )
_____)

### MEMORANDUM OPINION

On December 15, 2010, plaintiffs Barbara Fox and Hamilton P. Fox, III brought this

action against the District of Columbia and two Metropolitan Police Department officers in their

individual capacities.  Compl. [Dkt. # 1] ¶¶ 1–7.  They alleged claims arising out of Mr. Fox's

arrest for disorderly conduct and his release pursuant to a "post-and-forfeit" procedure whereby

an arrestee simultaneously posts and forfeits collateral in return for his release from jail without

prosecution.  In addition to their claims against the individual officers, Mr. Fox also brought a

class action against the District challenging the constitutionality of the post and forfeit procedure.

First Am. Compl. [Dkt. # 15] ¶¶ 231–63; 2d Am. Compl. ¶¶ 243–52.  On March 30, 2012 and

February 15, 2013, the Court granted the District's motions to dismiss the post-and-forfeit

counts.  Order [Dkt. # 36]; Order [Dkt. # 64]; *see also* Order [Dkt. # 65]; Mem. Op. [Dkt. # 37];

Mem. Op. [Dkt. # 66].[1]  Since the orders dismissing the post-and-forfeit claims adjudicate fewer

_____

1     On February 20, 2013, the Court dismissed Mrs. Fox's Fourth Amendment claim, but it
allowed Mr. Fox to proceed with his claims against the individual police officers.  Order [Dkt.
# 67].

than all the claims in the case, they are interlocutory orders that are non-appealable.  *See* Fed. R. Civ. P. 54(b); 28 U.S.C. § 1291.

On April 26, 2013, Mr. Fox moved for an order directing entry of final judgment on his post-and-forfeit class claims under Federal Rule of Civil Procedure 54(b).  Pl. Hamilton Phillip Fox, III's Mot. for Rule 54(B) Certification as to his Class "Post And Forfeit" Claim ("Pl.'s Mot.") [Dkt. # 72].  Defendants oppose Mr. Fox's motion, arguing that the instant case is not "one of those exceptional and rare cases" where such relief is appropriate.  Defs.' Opp. to Pl. Hamilton P. Fox III's Mot. for Final J. Pursuant to Fed. R. Civ. P. 54(b) ("Defs.' Opp.") [Dkt. # 73] at 1.  The Court agrees, and it will deny the motion.

Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  A court may certify a judgment as final under Rule 54(b) only after making an express determination "that there is no just reason for delay."  *See id.*; *Blackman v. Dist. of Columbia*, 456 F.3d 167, 175 (D.C. Cir. 2006).[2]  In making this determination, the Court must consider the equities involved and judicial administrative interests such as "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

---

2      The Court must also determine that the order in question is a "final judgment, as in 'an ultimate disposition of an individual claim entered in the course of a multiple claims action' and 'a judgment in the sense that it determines a claim for relief.'"  *Ben-Rafael v. Islamic Rep. of Iran*, 718 F. Supp. 2d 25, 33 (D.D.C. 2010) (citations omitted).  The parties do not dispute that Rule 54(b)'s "finality" requirement is satisfied here.  *See* Pl.'s Mot. at 8–9; Defs.' Opp. at 3.

"Not all final judgments on individual claims should be immediately appealable . . . . It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Id.* at 8 (internal citations and quotation marks omitted).   District courts have considerable discretion to determine the "exceptional cases qualifying for Rule 54(b) certification" because they are "'most likely to be familiar with the case and with any justifiable reasons for delay.'" *Bldg. Indus. Ass'n of Superior Cal. v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998), quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956).

Mr. Fox's case is not an "exceptional case" that merits a Rule 54(b) certification.  In his motion, Mr. Fox asserts that his post-and-forfeit claim "is based on the fact that (1) he was funneled into the 'post and forfeit' procedure because the MPD arrested people without probable cause and charged them with disorderly conduct and did not offer them citation or posting w/o forfeiting . . . ."  Pl.'s Mot. at 11.  So, under Mr. Fox's own legal theory, the validity of the underlying arrest is an integral factor underlying the post-and-forfeit claims.  Discovery on Mr. Fox's pending false arrest claim will close on January 9, 2014, and the Court will set a schedule for dispositive motions on that claim at that time.  Minute Order (Aug. 14, 2013).  And the resolution of the pending false arrest claim may bear on such questions as whether Mr. Fox is an appropriate class representative.[3]

Moreover, four other plaintiffs have filed civil actions before this Court asserting virtually identical challenges to the District's post-and-forfeit procedure.  *See Hodges v. District*

---

3       Mr. Fox asserts that the District is estopped from re-litigating whether there was probable cause for his arrest because the Superior Court of the District of Columbia already determined that he did not commit the offense of disorderly conduct.  Pl.'s Mot. at 11–12; Pl.'s Reply to Defs.' Opp. [Dkt. # 75] at 3–5.  But the question of whether the District is estopped has not yet been decided by this Court, so Mr. Fox cannot rely on estoppel to support his motion.

*of Columbia*, Nos. 12-1900, 12-1948, 12-1989, 12-1990, 2013 WL 5427794, at *1 (D.D.C. Sept. 30, 2013).  The Court dismissed the post-and-forfeit claims in those cases, *id.*, but the plaintiffs are still pursuing their 42 U.S.C. § 1983 false arrest claims against the District on the grounds that the District is deliberately indifferent to D.C. police officers making disorderly conduct arrests without probable cause and using the post-and-forfeit procedure to shield those improper arrests from prosecutorial or judicial review.  *See, e.g.,* Civ. Action No. 12-1900, Pls.' Mot. to Compel District of Columbia to Respond to Pls.' Document Production Requests ## 16, 17, 25, 26, 27 and 28; Mot. to Compel all Defs. to Organize and Label Documents [Dkt. # 32] at 14, and First Am. Compl. [Dkt. # 18] ¶¶ 70, 97.  Discovery is ongoing on those section 1983 claims. Since many of the issues in those cases are identical to the issues that Mr. Fox has presented in his post-and-forfeit claims, Rule 54(b) certification of Mr. Fox's claims is inappropriate because it would cause the appellate court to decide the same issues more than once if there are subsequent appeals in the four other post-and-forfeit cases.

Mr. Fox also contends there is no just reason for delay because the decision on whether to certify his class claims "affects thousands of persons, not just Mr. Fox."  Pl.'s Mot. at 14.  This argument is not persuasive because Mr. Fox has provided no authority for the proposition that the threshold for a Rule 54(b) certification is lower for putative class claims or for why the class would benefit from having the appellate court review the post-and-forfeit claims now instead of after there has been a probable cause determination in this case.

Since judicial administration interests weight against Rule 54(b) certification, and Mr. Fox has failed to demonstrate that equitable concerns compel a contrary result, the Court will, in its broad discretion, deny Mr. Fox's motion to certify the class claims under Rule 54(b). A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: October 3, 2013